PASKVAN & RINGSTAD, P.C.
714 4TH Ave., Suite 301
Fairbanks, AK  99701
Tele:  907-452-1205
Fax: 907-456-6396/email: mailbox@paskvanlaw.com

Don C. Bauermeister, Esq.
Burke & Bauermeister, P.L.L.C.
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
Tele: 907-277-6005
Fax: 907-277-6111

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRIAN PERRY, BUDDY SAUNDERS, GLEN STEBBINS, and JOSEPH RIAN, <br><br>           Plaintiffs, <br><br>    v. <br><br> UNITED STATES OF AMERICA, <br><br>           Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.: 4:08-cv-

**COMPLAINT**

COME NOW the plaintiffs, Brian Perry, Buddy Saunders, Glen Stebbins, and Joseph Rian, by and through their attorneys, PASKVAN & RINGSTAD, P.C., and for their complaint against the United States of America, state the following:

1.  This action arises out of a June 29 and 30, 2006 toxic chemical release to which plaintiffs were exposed while working

Perry et. al. v. United States/22april2008/KPR/cmb
COMPLAINT, Page 1 of 10
Case 4:08-cv-00013-RRB   Document 1   Filed 04/23/08   Page 1 of 10

on the Aircraft Maintenance Hanger Project at Fort Wainwright, Alaska.

2. The U.S. Department of the Army is a federal agency and the United States of America is responsible and liable for the actions and inactions and conduct of the U.S. Department of the Army.

3. The U.S. Corp of Engineering is part of the U.S. Department of the Army and the U.S. Department of the Army is responsible and liable for the conduct, actions and inactions of the U.S. Corp of Engineering.

4. This action is commenced against the United States of America as the action arises out of conduct of the United States government, United States of America, Department of the Army, under the Federal Tort Claims Act, 29 U.S.C. §§ 2671-2680.

5. The United States District Court for the District of Alaska has jurisdiction of this action in accordance with 28 U.S.C. § 1346(b).

6. The U.S. Department of the Army is the owner of the real property on which the Aircraft Maintenance Hanger at Fort Wainwright, Alaska is located.

7. Toxic chemicals and/or substances were present and/or located at or within the boundaries of the Aircraft Maintenance Hanger project location.

Perry et. al. v. United States/22april2008/KPR/cmb
COMPLAINT, Page 2 of 10
Case 4:08-cv-00013-RRB   Document 1   Filed 04/23/08   Page 2 of 10

8. The U.S. Department of the Army knew or should have known of the presence of toxic chemicals at the Aircraft Maintenance Hanger project location.

9. The U.S. Corp of Engineering set the project and bid criteria and administered the Fort Wainwright Aircraft Maintenance Hanger Project.

10. As part of its Request For Proposal process, the U.S. Corp of Engineering undertook to perform and was responsible for testing for the presence of toxic chemicals at the Aircraft Maintenance Hanger Project location.

11. The Request For Proposal prepared and released by Corp of Engineering represented, among other things, "No contaminated soils are suspected at this project location."

12. The Request For Proposal prepared and released by the Corp of Engineering did not disclose the presence of toxic chemicals at the Aircraft Maintenance Hanger Project location.

13. The presence of dangerous and/or hazardous chemicals and/or substances can be detected and/or identified by the use of "sniffers."

14. The U.S. Corp of Engineering determined that "sniffers" were not necessary on the Aircraft Maintenance Hanger Project.

Perry et. al. v. United States/22april2008/KPR/cmb
COMPLAINT, Page 3 of 10
Case 4:08-cv-00013-RRB   Document 1   Filed 04/23/08   Page 3 of 10

15. The Request For Proposal prepared and released by the Corp of Engineering did not provide for the use of "sniffers" on the Aircraft Maintenance Hanger Project.

16. "Sniffers" were not used on the Aircraft Maintenance Hanger Project.

17. The Corp of Engineering required proposals responding to its Request For Proposal be based upon the information provided in its solicitation package.

18. On June 29 and 30, 2006, as part of the required construction activities on the Aircraft Maintenance Hanger Project, a bull dozer operator performed excavation work at or within the boundaries of the Aircraft Maintenance Hanger Project location.

19. During the course of the above-described June 29, and 30, 2006 excavation, a toxic chemical in the ground was released or otherwise uncovered.

20. The toxic chemical released on June 29 and 30, 2006 was an ultra hazard substance.

21. Defendant had a duty to exercise a degree of care commensurate with that danger associated with the ultra hazard substance, i.e., the toxic chemical, present and/or released on June 29 and 30, 2006.

22. Defendant did not exercise the degree of care required.

Perry et. al. v. United States/22april2008/KPR/cmb
COMPLAINT, Page 4 of 10
Case 4:08-cv-00013-RRB   Document 1   Filed 04/23/08   Page 4 of 10

23. The Department of the Army's conduct, actions and inactions constitutes negligence or other at-fault conduct, which includes, but is not limited to: depositing or otherwise allowing toxic chemicals to be present, failing to disclose the presence of toxic chemicals, failure to take or provide adequate safeguards to detect the presence of toxic chemicals and/or substances, and failure to protect against the release of toxic chemicals, and such other negligent or other at-fault conduct as may be proved at trial.

24. As a direct or proximate cause of the negligent or other at fault conduct of the United States of America, Department of the Army, toxic chemical(s) were present and uncovered and/or released on June 29, 2006 and on June 30, 2006.

25. The June 29, 2006 and/or June 30, 2006 release of toxic chemicals caused plaintiffs to sustain injuries and suffer damages, which include, but are not limited to the following: medical expenses, past and future [to the extent that the subrogated interest is not held by plaintiffs' med pay carriers or insurers]; lost wages, past and future; pain and suffering, past and future; lost enjoyment of life, past and future; and such other and further damages as may be proved at trial.

Perry et. al. v. United States/22april2008/KPR/cmb
COMPLAINT, Page 5 of 10
Case 4:08-cv-00013-RRB   Document 1   Filed 04/23/08   Page 5 of 10

26. Under the facts and circumstances of this action, the United States of America is liable in the same manner and to the same extent as an individual would be liable, as provided by Alaska law.

27. Brian Perry presented a claim to the United States of America, Department of the Army, in accordance with the Federal Tort Claim Act.

28. Brian Perry's Federal Tort Claim Act claim was received by the United States of America, Department of the Army on October 11, 2007.

29. Brian Perry's Federal Tort Claim Act claim was submitted to the appropriate federal agency under the Federal Tort Claims Act.

30. Brian Perry's Federal Tort Claim Act claim was properly filed.

31. More than six (6) months have lapsed since the filing of Brian Perry's Federal Tort Claim Act claim.

32. Brian Perry's Federal Tort Claims Act claim is deemed rejected because more than six (6) months have lapsed since its filing.

33. The above-described deemed rejection can be and is considered by Brian Perry as a denial of his claim under 28 U.S.C. § 2675(a), U.S.C. § 2401(b) and 39 C.F.R. § 912.9(a).

Perry et. al. v. United States/22april2008/KPR/cmb
COMPLAINT, Page 6 of 10
Case 4:08-cv-00013-RRB   Document 1   Filed 04/23/08   Page 6 of 10

34. Brian Perry has satisfied all of the 28 U.S.C. § 2675 prerequisites for instituting an action upon a claim against the United States of America.

35. Buddy Saunders presented a claim to the United States of America, Department of the Army, in accordance with the Federal Tort Claim Act.

36. Buddy Saunders' Federal Tort Claim Act claim was received by the Department of the Army on October 11, 2007.

37. Buddy Saunders' Federal Tort Claim Act claim was submitted to the appropriate federal agency under the Federal Tort Claims Act.

38. Buddy Saunders' Federal Tort Claim Act claim was properly filed.

39. More than six (6) months have lapsed since the filing of Buddy Saunders' Federal Tort Claim Act claim.

40. Buddy Saunders' Federal Tort Claims Act claim is deemed rejected because more than six (6) months have lapsed since its filing.

41. The above-described deemed rejection can be and is considered by Buddy Saunders as a denial of his claim under 28 U.S.C. § 2675(a), 28 U.S.C. § 2401(b) and 39 C.F.R. § 912.9(a).

Perry et. al. v. United States/22april2008/KPR/cmb
COMPLAINT, Page 7 of 10
Case 4:08-cv-00013-RRB   Document 1   Filed 04/23/08   Page 7 of 10

42. Buddy Saunders has satisfied all of the 28 U.S.C. § 2675 prerequisites for instituting an action upon a claim against the United States of America.

43. Glen Stebbins presented a claim to the United States of America, Department of the Army, in accordance with the Federal Tort Claim Act.

44. Glen Stebbins' Federal Tort Claim Act claim was received by the Department of the Army on October 11, 2007.

45. Glen Stebbins' Federal Tort Claim Act claim was submitted to the appropriate federal agency under the Federal Tort Claims Act.

46. Glen Stebbins' Federal Tort Claim Act claim was properly filed.

47. More than six (6) months have lapsed since the filing of Glen Stebbins' Federal Tort Claim Act claim.

48. Glen Stebbins' Federal Tort Claims Act claim is deemed rejected because more than six (6) months have lapsed since its filing.

49. The above-described deemed rejection can be and is considered by Glen Stebbins as a denial of his claim under 28 U.S.C. § 2675(a), 28 U.S.C. § 2401(b) and 39 C.F.R. § 912.9(a).

Perry et. al. v. United States/22april2008/KPR/cmb
COMPLAINT, Page 8 of 10
Case 4:08-cv-00013-RRB   Document 1   Filed 04/23/08   Page 8 of 10

50. Glen Stebbins has satisfied all of the 28 U.S.C. § 2675 prerequisites for instituting an action upon a claim against the United States of America.

51. Joseph Rian submitted a claim to the United States of America, Department of the Army, in accordance with the Federal Tort Claim Act.

52. Joseph Rian's Federal Tort Claim Act claim was received by the Department of the Army on October 22, 2007.

53. Joseph Rian's Federal Tort Claim Act claim was submitted to the appropriate federal agency under the Federal Tort Claims Act.

54. Joseph Rian's Federal Tort Claim Act claim was properly filed.

55. More than six (6) months have lapsed since the filing of Joseph Rian's Federal Tort Claim Act claim.

56. Joseph Rian has satisfied all of the 28 U.S.C. § 2675 prerequisites for instituting an action upon a claim against the United States of America.

57. Joseph Rian's Federal Tort Claims Act claim was deemed rejected because more than six (6) months have lapsed since its filing.

Perry et. al. v. United States/22april2008/KPR/cmb
COMPLAINT, Page 9 of 10
Case 4:08-cv-00013-RRB   Document 1   Filed 04/23/08   Page 9 of 10

58. The above-described deemed rejection can be and is considered by Joseph Rian as a denial of his claim under 28 U.S.C. § 2675(a), 28 U.S.C. § 2401(b) and 39 C.F.R. § 912.9(a).

59. This action has been lawfully filed against the United States of America.

WHEREFORE, plaintiffs pray for relief as follows:

1. An award of compensatory damages in an amount to be proved at trial.

2. An award of attorneys' fees and costs.

3. Such other and further relief as the court deems just and equitable.

>                             PASKVAN & RINGSTAD, P.C.
>                             Attorneys for Plaintiffs
>
> DATED:  4/22/2008           By: s/Kenneth P. Ringstad/AK Bar
>                             #8011109
>                             PASKVAN & RINGSTAD, P.C.
>                             714 4th Ave., Suite 301
>                             Fairbanks, AK  99701
>                             Tele:  907-452-1205
>                             Fax:   907-456-6396
>                             email:[mailbox@paskvanlaw.com](mailto:mailbox@paskvanlaw.com)